IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-cv-284-BO

| | |
|---|---|
| BRIDGETTE A. WILLIAMSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NANCY A. BERRYHILL, ) <br> Acting Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> ) | **O R D E R** |

This matter is before the court on the parties' cross-motions for judgment on the pleadings, [D.E. 22, 25]. A hearing on this matter was held in Edenton, North Carolina on August 31, 2017. [D.E. 30]. For the reasons discussed below, plaintiff's motion [D.E. 22] is DENIED, defendant's motion [D.E. 25] is GRANTED, and the decision of the Commissioner is AFFIRMED.

## BACKGROUND

On October 15, 2012, Plaintiff filed an application for supplemental security income benefits under Title XVI of the Social Security Act ("Act"). [Tr. 19, 34]. Plaintiff alleged that she was unable to work due to depression, back pain, arthritis, an irregular mammogram, and asthma. [Tr. 35]. Plaintiff claimed a disability onset date of February 1, 2012. *Id.* Plaintiff's applications were denied initially and upon reconsideration. [Tr. 19]. An Administrative Law Judge ("ALJ") held a hearing on August 20, 2015, to consider plaintiff's claims *de novo*. [Tr. 566–92].

On October 23, 2015, the ALJ issued a decision denying plaintiff's claim. [Tr. 19–29]. On June 30, 2016, the Appeals Council denied plaintiff's request for review, and the ALJ's

decision became the Commissioner's final decision. [Tr. 1–3]. On July 29, 2016, plaintiff filed a complaint seeking judicial review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). [D.E. 8].

## **LEGAL STANDARD**

A district court's review of the Commissioner's final decision is limited to determining whether the correct legal standard was applied and whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted). Substantial evidence "'consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.'" *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). When determining whether substantial evidence supports the Commissioner's final decision, courts should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [Commissioner]." *Id.* (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

An individual is considered disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides:

> an individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other line of substantial gainful work . . . .

42 U.S.C. § 1382c(a)(3)(B).

2

The ALJ engages in a sequential five-step evaluation process to make an initial disability determination. 20 C.F.R. § 404.1520(a); *see Johnson*, 434 F.3d at 653. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). If a decision regarding the claimant's disability can be made at any step of the process, the ALJ's inquiry ceases. 20 C.F.R. § 404.1520(a)(4).

When evaluating adults, the ALJ denies the claim at step one if the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(a)(4). At step two, the ALJ denies the claim if the claimant does not have a severe impairment or combination of impairments significantly limiting her from performing basic work activities. *Id.* At step three, the ALJ compares the claimant's impairment to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed, or is equivalent to a listed impairment, disability is conclusively presumed without considering the claimant's age, education, and work experience. 20 C.F.R. § 416.920(d). However, if the impairment does not meet or equal a listed impairment, the ALJ then makes a residual functional capacity ("RFC") finding. 20 C.F.R. § 404.1545(e).

In making an RFC finding, the ALJ's considers both severe and non-severe impairments, and any combination thereof, and takes into account both objective medical evidence as well as subjective complaints of pain and limitations. 20 C.F.R. § 404.1545(e). The ALJ further considers the claimant's ability to meet the physical, mental, sensory, and other requirements of accomplishing work. 20 C.F.R. § 404.1545(a)(4). An RFC finding is meant to reflect the most that a claimant can do, despite her limitations. 20 C.F.R. § 404.1545(a)(1).

At step four, the ALJ considers a claimant's RFC to determine whether she can perform past relevant work ("PRW") despite her impairments. 20 C.F.R. § 416.920(a)(4). If not, the ALJ proceeds to step five of the analysis: establishing whether the claimant–based on her RFC, age,

education, and work experience–can make an adjustment to perform other work. *Id.* If the claimant cannot perform other work, the ALJ finds her disabled. 20 C.F.R. § 416.920(a)(4).

## THE COMISSIONER'S FINAL DECISION

Here, the ALJ's decision followed the sequential five-step evaluation process. [Tr. 21–28]. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. [Tr. 21].

At step two, the ALJ listed plaintiff's severe impairments: degenerative disc disease, chronic obstructive pulmonary disease, and asthma. *Id.* The ALJ noted that plaintiff's depression was a determinable mental impairment, but also found that the condition was not severe because it caused no more than minimal limitations to plaintiff's ability to perform basic mental work activities. [Tr. 21]. The ALJ also found that plaintiff's depression did not result in any extended episodes of decompensation and caused plaintiff only mild limitations in her: (1) activities of daily living; (2) social functioning; and (3) concentration, persistence, or pace ("CPP"). *Id.*

At step three, the ALJ found that none of plaintiff's severe or non-severe impairments, nor any combination, met or equaled one of the conditions in the Listing of Impairments. [Tr. 22].

The ALJ then determined that plaintiff had the RFC to perform a range of medium work activity, as defined in 20 CFR § 416.967(c). The ALJ specifically found:

> [Plaintiff] is able to lift and carry up to 50 pounds occasionally and 25 pounds frequently and stand, walk, and sit for 6 hours in an 8-hour day. [Plaintiff] can occasionally climb ramps and stairs, kneel, and crawl; never climb ladders, ropes, or scaffolds; and frequently stoop, crouch. She must avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and other pulmonary irritants.

[Tr. 23].

Although the ALJ found that plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms," the ALJ nevertheless found that

4

plaintiff's statements regarding the "intensity, persistence, and limiting effects of these symptoms [were] not fully credible to the extent they are inconsistent" with the RFC. [Tr. 24].

At step four, the ALJ determined that plaintiff could not perform her past relevant work. [Tr. 27]. The ALJ then noted that plaintiff: (1) was born on February 8, 1968; (2) was 44 years old on the date of her application; (3) had at least a high school education; and (4) could communicate in English. [Tr. 27–28].

At step five–after considering plaintiff's age, education, work experience, and RFC–the ALJ determined that plaintiff was not disabled because she could perform jobs that were available in substantial numbers in the national economy. [Tr. 28].

## **DISCUSSION**

Plaintiff generally contends that the ALJ's RFC finding that deemed her capable of medium work is incorrect because, due to the severity of her mental and physical conditions, plaintiff is actually limited to less than sedentary work. *See* [D.E. 23] at 20. More specifically, Plaintiff first argues that the ALJ erred when, as to her depression, the ALJ failed to give controlling weight to the favorable opinions of her treating psychiatrist, Dr. Graham. *See id.* at 18. Plaintiff further contends that the ALJ erred when he failed to apply the appropriate legal standard when weighing Dr. Graham's opinions. *See id.* at 22 (citing *Johnson*, 434 F.3d at 654).

In support of this argument, plaintiff notes that she has been seen by Dr. Graham for several years beginning in 2011 through 2015. *See id.* at 9, 14. Plaintiff especially relies upon Dr. Graham's medical statements from April 2015 and August 2015. *See id.* at 14–16, 20–23.

In the April 2015 medical statement, Dr. Graham noted that plaintiff: (1) had diagnoses of "Major Depression, recurrent, with psychotic features" as well as Attention Deficit/Hyperactivity

5

Disorder ("ADHD");[1] (2) received follow-up treatment every two months for mental health checkups regarding her psychotropic medication; (3) had experienced abuse and neglect as a child; and (4) exhibits "extreme pain and hopelessness" at her appointments. *See* [Tr. 275].

In the August 2015 medical statement, Dr. Graham noted that the psychiatric symptoms from which plaintiff suffers include "auditory hallucinations, anhedonia, psychomotor agitation and retardation, sleep disturbances, decreased energy, feelings of guilt or worthlessness and difficulty concentrating or thinking." [Tr. 553]. In a check-box format, Dr. Graham noted that, due to the effects of plaintiff's psychiatric symptoms, certain aspects of plaintiff's social and work functioning were markedly impaired. [Tr. 554–55]. These marked impairments impacted plaintiff's ability to: work in coordination with and in proximity with others without being distracted; complete a normal workday without interruptions from psychologically based symptoms; perform at a consistent pace without an unreasonable number and lengthy of rest periods; and interact appropriately with the general public. *Id.*

Although the opinion of a treating physician generally is given substantial weight, ALJs have the discretion to assign less weight to a treating physician's medical opinion that is inconsistent with other substantial evidence of record. *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001); *see also Craig*, 76 F.3d at 590 ("if a physician's opinion is . . . inconsistent with other substantial evidence, it should be accorded significantly less weight"); 20 C.F.R. § 416.927(c)(2).

---

[1] "Attention Deficit/Hyperactivity Disorder" is defined as:

> [A] childhood mental disorder characterized by inattention (such as distractibility, forgetfulness, not finishing tasks, and not appearing to listen), by hyperactivity and impulsivity (such as fidgeting and squirming, difficulty remaining seated, excessive running or climbing, feelings of restlessness, difficulty awaiting one's turn, interrupting others, and excessive talking) or by both types of behavior. . . . Behavior must interfere with academic, social, or work functioning with impairment existing in at least two settings. Onset is before age seven but it can persist into adulthood.

DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 547–48 (32d ed. 2012) ("DORLANDS").

Here, the ALJ articulated reasons for assigning little weight to Dr. Graham's April 2015 and August 2015 medical statements. *See* [Tr. 25]. Specifically, the ALJ noted that, throughout their long doctor-patient relationship, Dr. Graham had regularly found that plaintiff demonstrated "appropriate mood and affect, normal speech, normal thought processes and content, and no memory, attention/or concentration impairment." *Id.* (referencing Exhibits 11F [Tr. 276–327], 15F [Tr. 490–522], 16F [Tr. 523–47], and 17F [548–51]). Thus, the ALJ determined that Dr. Graham's April 2015 and August 2015 medical statements were inconsistent with Dr. Graham's previous medical findings that did not document similarly severe mental health symptoms. *Id.*

Although reasonable minds could disagree as to the result of the ALJ's determination regarding inconsistencies in Dr. Graham's own opinions, the court finds that, even if the evidence upon which the ALJ's relied does not raise to the level of a "preponderance," the record certainly reflects "more than a mere scintilla" of supporting evidence. *Craig*, 76 F.3d at 589; *see also id.* ("'Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ.'" (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987))). Accordingly, the court concludes that the ALJ's finding as to this matter is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Perales*, 402 U.S. at 401; *Johnson*, 434 F.3d at 653; *Craig*, 76 F.3d at 589.

Plaintiff also contends that the ALJ incorrectly applied the law by failing to weigh Dr. Graham's opinion using the five-part test in *Johnson*, 434 F.3d at 654. In *Johnson*, the U.S. Court of Appeals for the Fourth Circuit ("Fourth Circuit") outlined a list of "non-exclusive" factors courts consider when determining the weight to give a medical opinion, including: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and

7

the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." *Id.* (citing 20 C.F.R. § 404.1527).

Contrary to plaintiff's contention, the chief reason that the ALJ discounted Dr. Graham's April 2015 and August 2015 medical statements was because these statements were inconsistent with Dr. Graham's other opinions of record. *See* [Tr. 25]. Thus, the ALJ relied upon *Johnson's* factor four, "consistency of the opinion with the record," when determining the appropriate amount of weight to give Dr. Graham's statements. *See Johnson*, 434 F.3d at 654. To the extent plaintiff argues that an ALJ errs in giving less weight to a provider's medical opinion without applying all of the *Johnson* factors in a balancing test, the relevant case law does not require such an undertaking when the opinion conflicts with other substantial evidence. *See id.* at 654 n.5; *Mastro*, 270 F.3d at 178; *Craig*, 76 F.3d at 590. Accordingly, the court concludes that the Commissioner's final decision applied the correct legal standard. *See* 42 U.S.C. § 405(g); *Perales*, 402 U.S. at 401.

Plaintiff's second argument is that the ALJ failed to consider her significant restrictions in social functioning and difficulty with CPP due to her mental health conditions. *See* [D.E. 23] at 24. Specifically, plaintiff contends that the ALJ "downplay[ed] the severity of her depression and ignor[ed] her diagnosis of ADHD." *Id.* Plaintiff cites to medical records indicating that she experienced enduring difficulties with social functioning and mental focus. *See id.* at 24–25. Plaintiff also contends that the RFC is inadequate because the record medical evidence demonstrates that her problems with CPP are more substantial than the ALJ concluded. *Id.* at 25 (citing *Masico v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015)).

In *Mascio*, the Fourth Circuit found that an ALJ's RFC decision was erroneous because, among other things, the ALJ "ignor[ed] (without explanation) Mascio's moderate limitation in her ability to maintain her concentration persistence or pace." *Mascio*, 780 F.3d at 633. Further, the

Fourth Circuit found that because "the ability to perform simple tasks differs from the ability to stay on task," an ALJ does not "account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (internal quotation and citations omitted).

Here, unlike in *Mascio*, the ALJ explicitly found that plaintiff's depression caused only *mild* limitations in activities of daily living, social functioning, or CPP. [Tr. 21]; *see, e.g., Roberson v. Colvin*, No. 3:15-cv-570-MOC, 2016 WL 5844148, at *6 (W.D.N.C. Oct. 4, 2016) (noting that because "this case concerns only 'mild difficulties' [in CPP], it does not trigger RFC discussion requirement of Mascio *per se*."). Additionally, here the ALJ noted that plaintiff's medical records do not indicate that plaintiff suffers from "limitations in attention, concentration, or memory." [Tr. 24]. Finally, the ALJ in this case did not rely upon a vocational expert and did not restrict plaintiff to "simple, routine tasks or unskilled work." *Cf. Mascio*, 780 F.3d at 638. Accordingly, the cases are substantially distinguishable and plaintiff's reliance on *Mascio* is inapt.

Contrary to plaintiff's other contention, there is no indication that the ALJ "downplayed" the severity of her mental health conditions.[2] As discussed above, the ALJ addressed plaintiff's depression but found that the condition caused no more than minimal limitations to plaintiff's ability to perform basic mental work activities. [Tr. 21]. As to plaintiff's alleged difficulties in social functioning, the ALJ noted that, "despite [plaintiff's] claims of self-isolation, [plaintiff] has been able to interact well with treating medical professionals, attend school, and visit with friends

---

[2] The court agrees that the ALJ did not discuss plaintiff's asserted disability due to ADHD. Nevertheless, as discussed above, the ALJ found that plaintiff's medical records do not show that she suffers from "limitations in attention, concentration, or memory." [Tr. 24]. Limitations in attention, concentration, and memory are symptoms of ADHD. *See supra* note 1 (quoting DORLANDS at 547–48). Thus, to the extent that the ALJ erred in failing to discuss explicitly plaintiff's ADHD diagnosis, because the ALJ did discuss whether the record supported a finding that plaintiff exhibited symptoms of ADHD, plaintiff fails to demonstrate that this purported error was harmful. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."); *see also Garner v. Astrue*, 436 F. App'x 224, 226 (4th Cir. 2011) (applying, in the context of Social Security appeals, the harmless-error standard discussed in *Sanders*).

9

occasionally. . . ." [Tr. 24]; *see also* [Tr. 24–25] (citing record evidence discussing plaintiff's ability to accomplish chores, visit with friends, occasionally attend church, and undertake online coursework). Moreover, as the Commissioner notes in her memorandum of support for judgment on the pleadings, plaintiff's treatment records do not suggest that plaintiff's prescribed medications were ineffective in controlling her mental health symptoms. *See* [D.E. 26] at 9 (citing *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) for the proposition that "[i]f a symptom can be reasonably controlled by medication or treatment, it is not disabling.").

The court concludes that that the ALJ's findings as to this issue are again supported by "more than a mere scintilla" of evidence and that the ALJ applied the correct legal standard. *See Johnson*, 434 F.3d at 653; *Craig*, 76 F.3d at 589. Accordingly, because there is substantial evidence to support the Commissioner's final decision, affirmance is appropriate in this case. *See* 42 U.S.C. § 405(g); *Perales*, 402 U.S. at 401. Therefore, plaintiff's third argument–advocating for reversal, not remand, *see* [D.E. 23] at 26–is rendered moot.

## CONCLUSION

For the foregoing reasons, defendant's motion for judgment on the pleadings [D.E. 25] is GRANTED and plaintiff's motion [D.E. 22] is DENIED. The decision of the Commissioner is AFFIRMED. The clerk is DIRECTED to close the file.

SO ORDERED.

This 26 day of September, 2017.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE